UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OMEGA JEANETTA MOORE,<br>Individually and On Behalf of<br>and as Natural Tutrix of ZETA<br>ROSS | CIVIL ACTION |
| VERSUS | NO: 14-1919 |
| WAYNE SMITH TRUCKING, INC.,<br>JEFFREY C. SPEILMAN, and<br>NORTHLAND INSURANCE COMPANY | SECTION: R(4) |

## ORDER AND REASONS

Defendants Wayne Smith Trucking, Inc. and Jeffrey C. Speilman move for partial dismissal for failure to state a claim and for judgment on the pleadings on all claims asserted by plaintiff, individually, and on the claim for punitive damages asserted by plaintiff, individually and on behalf of and as natural tutrix of her minor child, Zeta Ross.[1] Defendant Northland Insurance Company also moves for partial dismissal for failure to state a claim and for judgment on the pleadings on the claim for punitive damages asserted by plaintiff, individually and on behalf of and as natural tutrix of her minor child, Zeta Ross.[2] Plaintiff does not oppose the motions.[3] For the following reasons, the Court grants the motions.

---

[1]     R. Doc. 15.

[2]     R. Doc. 16.

[3]     R. Doc. 18.

## I. Background

Plaintiff Omega Moore, individually and on behalf of and as natural tutrix of her minor child, Zeta Ross, filed this action against defendants Wayne Smith Trucking Inc., Jeffrey C. Speilman, and Northland Insurance Company in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on June 30, 2014.[4] Defendants timely removed this matter on August 21, 2014.[5]

This action arises out of an accident occurring on February 27, 2014 in Gretna, Louisiana, when a tractor-trailer truck, owned by Wayne Smith Trucking, Inc. and driven by Jeffrey C. Speilman, struck and killed Deron Ross.[6]  In her complaint, plaintiff alleges that Speilman was driving the truck in the course and scope of his employment with Wayne Smith Trucking, and that Northfield Insurance issued an insurance policy, policy number TF658558, which provided insurance coverage for the truck.[7]  Plaintiff further alleges that Speilman's negligent and reckless acts and Wayne Smith Trucking's intentional, willful, wonton, reckless, and/or negligent acts caused the death of Mr. Ross.[8]  Plaintiff asserts that Northland

---

[4]   R. Doc. 1-1.

[5]   R. Doc. 1.

[6]   R. Doc. 1-1 at 2.

[7]   *Id.* at 2, 4-5.

[8]   *Id.* at 2-3.

Insurance is also liable for the negligence/recklessness of Speilman and Wayne Smith Trucking.[9]

Plaintiff, individually and on behalf of and as natural tutrix to Zeta Ross, seeks damages for: (1) past, present, and future pain and suffering; (2) past, present, and future loss of consortium and society; (3) past, present, and future mental anguish; (4) past, present, and future lost income and support; (5) punitive and exemplary damages; and (6) any other damages which may be proven at trial.[10]

Defendant Northland Insurance answered plaintiff's complaint on August 25, 2014,[11] and defendants Speilman and Wayne Smith Trucking answered plaintiff's complaint on September 5, 2014.[12]

On September 22, 2014, defendants Speilman and Wayne Smith Trucking moved for partial dismissal under Rule 12(b)(6) and for judgment on the pleadings under Rule 12(c) on all claims asserted by plaintiff in her individual capacity and on all claims for punitive damages.[13] They contend that plaintiff, individually, does not have any cognizable claims because she was not married to Mr.

---

[9]     *Id.* at 5.

[10]    *Id.* at 4.

[11]    R. Doc. 6.

[12]    R. Doc. 10.

[13]    R. Doc. 15.

Ross at the time of his death.[14]  Additionally, they contend that plaintiff cannot assert a claim for punitive damages, either in her individual capacity or on behalf of or as the natural tutrix of Zeta Ross, because punitive damages are not cognizable under the applicable Louisiana law.[15]

On September 23, 2014, defendant Northland Insurance also moved for partial dismissal under Rule 12(b)(6) and for judgment on the pleadings under Rule 12(c) on plaintiff's claim for punitive damages on the basis that the insurance policy at issue does not provide coverage for punitive damages.[16]

On October 16, 2014, plaintiff filed two letters with the Court stipulating that she does not oppose the defendants' motions to the extent that they pertain to all claims asserted on behalf of herself, individually, and to all claims for punitive damages.[17] Plaintiff, however, has not withdrawn the claims defendants seek to dismiss.

On October 22, 2014, plaintiff filed an amended complaint, which alleged that Zeta Ross is a child of the decedent, Mr. Ross, and that Mr. Ross endured pain and suffering as a result of the

---

[14]    R. Doc. 15-1 at 1.

[15]    *Id.*

[16]    R. Doc. 16-1 at 2.

[17]    R. Doc. 18.

accident.[18]   Plaintiff, as natural tutrix of Zeta Ross, claims wrongful death damages in the amount of $2,500,000 for: (1) mental and emotional pain and suffering; (2) loss of society and service; (3) loss of support; (4) loss of consortium and affection; and (5) all other damages to be shown at trial.[19]   Plaintiff, as natural tutrix of Zeta Ross, further claims survival damages in the amount of $3,500,000 for: (1) physical pain and suffering; (2) mental and emotional pain and suffering; (3) medical expenses; (4) preimpact fear; (5) lost wages, earnings, diminished work capacity, and other economic support; and (5) loss of consortium, society, and affection.[20]

Because plaintiff did not withdraw the claims defendants seek to dismiss, defendants filed motions to apply their original motions to dismiss and for judgment on the pleadings to plaintiff's amended complaint.[21]

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c) are subject to the same standard.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)

---

[18]   R. Doc. 22 at 2.

[19]   *Id.* at 2-3.

[20]   *Id.* at 3.

[21]   R. Docs. 23 & 24.

(citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.*  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.*  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257.  If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the

complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

## III. Discussion

### A. Speilman's and Wayne Smith Trucking's Motion to Dismiss and for Judgment on the Pleadings

#### 1. Applicable Law

Because the Court's jurisdiction is based on diversity of citizenship, the choice of law rules of Louisiana, the forum state, apply. *See Klaxon Co. v. Stenton Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 620 (5th Cir. 2014) (citations omitted). Article 3543 of the Louisiana Civil Code provides that "[i]ssues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred." The accident at issue in this case occurred in Louisiana. Thus, the Court applies Louisiana substantive law.

#### 2. Claims Asserted by Plaintiff in Her Personal Capacity

Plaintiff filed suit, individually and as natural tutrix of Zeta Ross, seeking wrongful death damages and survival damages. Defendants Speilman and Wayne Smith Trucking contend that plaintiff cannot assert a claim for survival damages or wrongful death

damages in her individual capacity under Louisiana law because she was not married to Mr. Ross at the time of his death.

Louisiana Civil Code article 2315.1 provides for survival actions and article 2315.2 provides for wrongful death actions. Both Articles allow the "surviving spouse and child or children of the deceased, or either the spouse or the child or children" the right to bring suit to recover damages. Plaintiff does not allege that she was Mr. Ross's spouse at the time of his death or that she is entitled to spousal standing. Moreover, plaintiff has advised the Court that she does not oppose defendant's motion.[22] Accordingly, to the extent plaintiff asserts a wrongful death or survival action in her personal capacity, her claim is dismissed.

### 3. Claim for Punitive Damages

Plaintiff, individually and on behalf of and as natural tutrix of Zeta Ross, also seeks punitive damages. Under Louisiana law, punitive damages are available only when expressly authorized by statute. *Ross v. Conoco, Inc.*, 828 So. 2d 546, 555 (La. 2002). Louisiana Civil Code article 2315, *et seq.* governs plaintiff's claims. Under the Article, punitive damages are authorized only under article 2315.3 (child pornography), article 2315.4 (intoxicated drivers), article 2315.7 (child molestation), and article 2315.8 (domestic abuse). Plaintiff's allegations do not implicate any of these limited circumstances where punitive damages

---

[22]    R. Doc. 18.

are authorized under Louisiana law.  Plaintiff has therefore failed to state a claim for punitive damages.  Accordingly, plaintiff's claim for punitive damages is dismissed.

### B. Northland Insurance's Motion to Dismiss and for Judgment on the Pleadings

Defendant Northland Insurance moves separately to dismiss plaintiff's claim for punitive damages against it because the insurance policy at issue excludes coverage for punitive damages. The Court need not reach this argument because, as the Court has already determined, plaintiff fails to state a claim that would entitle her to punitive damages.  Moreover, plaintiff has stipulated that she does not oppose Northland Insurance's motion. Accordingly, the Court dismisses plaintiff's claim for punitive damages against Northland Insurance.

### IV. Conclusion

For the foregoing reason, defendants Speilman's and Wayne Smith Trucking's and Northland Insurance's unopposed partial motions to dismiss and for judgment on the pleadings are GRANTED.

New Orleans, Louisiana, this  4th  day of February, 2015.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE