**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OMEGA JEANETTE MOORE, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1919** |
| **WAYNE SMITH TRUCKING INC, ET AL** | **SECTION: "R" (4)** |

**ORDER**

Before the Court is Defendants Wayne Smith Trucking, Inc., Jeffrey C. Speilman, and Northland Insurance Company's **Motion to Compel (R. Doc. 61)**, seeking an order from the Court to compel Plaintiff Omega Jeanetta Moore, to provide complete answers to Defendants' Interrogatory Numbers 13 and 24. R. Doc. 61, p. 1. The motion is unopposed. The motion was submitted on September 16, 2015, and heard without oral argument that day.

## I. Background

On June 30, 2014, Plaintiff Omega Moore, individually and as natural tutrix of her minor child, Zeta Ross, filed this action against Defendants, Wayne Smith Trucking Inc., Jeffrey C. Speilman and Northland Insurance Company, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Defendants timely removed the matter to this Court on August 21, 2014. R. Doc. 1-1, p. 2.

This action arises out of a fatal accident that occurred on February 27, 2014, in Gretna, Louisiana, when a tractor-trailer truck, owned by Wayne Smith Trucking, Inc. and driven by Jeffrey C. Speilman, struck Deron Ross as he was riding his motorcycle. *Id.* at 3. Ross died because of the accident. *Id.* In her complaint, Plaintiff alleges that Speilman was driving the truck while in the course and scope of his employment with Wayne Smith Trucking, and that Northfield Insurance issued an insurance policy that provided coverage for the truck. *Id.* Plaintiff alleges that Speilman's negligent driving caused Ross's death and Wayne Smith Trucking is

liable for the negligent act of its employee. Plaintiff further alleges that Northland Insurance is also liable as Wayne Smith Trucking's insurer. *Id.*

Plaintiff, individually and as natural tutrix to Zeta Ross, seeks damages for pain and suffering, loss of consortium, mental anguish, lost income and support, punitive and exemplary damages,[1] and any other damages that may be proven at trial.

As to the instant motion, Defendants seek an order from the Court compelling Plaintiffs to provide complete answers to Defendants' Interrogatory Nos. 13 and 24. On November 17, 2014, Defendant propounded interrogatories and request for production of documents upon Plaintiffs. R. Doc. 61-5, p. 1. Defendants contend that, as of the filing of their motion, Plaintiff has failed to respond fully to Interrogatory Nos. 13 and 24. R. Doc. 61, p. 1.

## II. Standard of Review

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Fed.R.Civ.P. 37(a)(3)(B).

## III. Analysis

### A. Local Rule 7.5

Under Local Rule 7.5, any memorandum in opposition to a motion must be filed eight (8) days before the noticed submission date. The instant motion was noticed for submission on September 16, 2015. R. Doc. 14. Thus, any memoranda in opposition was due no later than September 8, 2015. Here, Plaintiffs have not filed an opposition nor a request for extension of time; thus, Defendants' motion is unopposed.

[1] Plaintiff's claim for punitive damages was dismissed by the District Court on February 4, 2015. *See* R. Doc. 33.

**B. Federal Rules of Civil Procedure 33 and 34**

According to Defendant's Rule 37.1 certification, counsel for parties conducted a Rule 37 discovery conference on August 28, 2015, regarding outstanding discovery. R. Doc. 61-1, p. 1. Although the parties were able to resolve other discovery disputes, they were unable to resolve disputes concerning Interrogatories No. 13 and 24. *Id.*

Interrogatory No. 13 seeks an itemized, income account for Plaintiff and, now deceased, Deron Ross, by amount and year from 2003 through the present. Interrogatory No. 24 seeks the identification of all saving accounts, checking accounts, and investment accounts for Plaintiff and Deron Ross from 2003 through the present. Although Defendants responded and objected[2] to Plaintiff's discovery requests, they have not filed an opposition to Plaintiff's motion into the record. Thus, the Court holds that Plaintiff's motion to compel is granted as unopposed.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Compel (R. Doc. 61)** is **GRANTED AS UNOPPOSED.**

New Orleans, Louisiana, this 21st day of October 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[2] Plaintiff agreed to supplement her response to Interrogatory No. 13, but have not, as of the filing of Plaintiff's motion. R. Doc. 61-5, p. 10. Regarding Interrogatory No. 24, Plaintiff avers that she is not aware of any accounts for Deron Ross, and has not provided her financial information. *Id.* at 15. Defendants argue that their request is relevant to Plaintiff's loss of support claim because such a claim is determined by the income and financial records of both parents. *Id.* at 6.